IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

FILED _____ ENTERE*
LODGED _____ RECEIV
AUG 3 0 2007
AT GREE....
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

CHARLES PYNE  *
                *
v.              *      Civil No.-    AW-06-2123
                *      Criminal No.  AW-04-0018
                *
UNITED STATES OF AMERICA   ******

## MEMORANDUM OPINION

Before the Court is a Motion by the Petitioner/Defendant, Charles Pyne, pursuant to 28 U.S.C § 2255 To Vacate, Set Aside or Correct Sentence. In his Motion, Petitioner claims that he was the victim of ineffective assistance of both trial and appellate counsel. As grounds in support of his claim, Petitioner alleges: (1) that his trial counsel rendered ineffective assistance of counsel when he failed to appeal the August 16, 2004 decision of the Magistrate Judge denying Petitioner replacement counsel; (2) that his trial counsel rendered ineffective assistance of counsel in failing to object to the trial court's alleged abuse of discetion in not recusing itself from presiding over the entire trial; and (3) that his appellate counsel rendered ineffective assistance of counsel when he failed to advance or present as an issue on appeal trial counsel's ineffective assistance of counsel. The Government has responded to the Motion, and the Motion is ripe for resolution. The Court has reviewed the current pleadings and the entire file relative to the present Motion, including the order by the Magistrate Judge denying replacement counsel, pertinent portions of the motions hearings, the sentencing transcript, the underlying criminal case file, the docket sheet, and the various other filings before the United States Court of Appeals for the Fourth Circuit. For the reasons stated hereinafter, the Motion must be denied.

Petitioner was charged under a Superseding Indictment with conspiring to distribute and to possess with intent to distribute more than one Kilogram of heroin (Count One), and with possession with intent to distribute approximately 223.4 grams of heroin (Count Nine). Following a seven-day jury trial, Petitioner was convicted on September 22, 2004 of Counts One and Nine. On December 10, 2004, Petitioner was sentenced to a 144 month term of imprisonment as to both Counts One and Nine. In an unpublished opinion entered on April 28, 2006, The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. See United States v. Pyne, 175 Fed. Appx. 639, 2006 WL 1083403 (4th Cir. 2006), cert. denied, 127 S. Ct. 259 (2006). As previously indicated, Petitioner claims that he was denied the effective assistance of counsel by both his trial and appellant attorneys.

In order to prevail on his claim for ineffective assistance of counsel, Petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness (the performance component), and there is a reasonable probability that, but for counsel's ineffectiveness, the result of the case or his fate would have been different (the prejudice component). Strickland v. Washington, 466 U.S. 668 (1984), is the well known case which sets the standard for an ineffeictive assitance of counsel claim and which requires a showing that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. The Court will examine the record in this case to determine whether the grounds asserted by Petitioner support the requested relief under § 2255.

**First,** Petitioner claims that his trial counsel was ineffective in failing to appeal the order of the Magistrate Judge denying Petitioner's motion to replace counsel. In his order, the Magistrate Judge determined that the motions filed by Petitioner's trial counsel were

2

appropriately and well drafted, and that Petitioner suffered no prejudice as a result of the filings. A review of the file indicates that trial counsel prepared, filed, briefed and argued numerous motions prior to, during, and subsequent to the jury verdict, including motions to dismiss, motions to suppress, proposed voir dire questions, and a myriad of consolidated post trial motions. The Magistrate Judge further indicated in his order that the mere denial of the motions by the District Judge was not a sufficient basis for entitlement to substitute counsel. Moreover, the scheduled trial was less than thirty (30) days from the order deying replacment counsel, and there is nothing in the record to demonstrate a significant attorney-client conflict or breakdown which would have provided support for a request by trial counsel to withdraw. Furthermore, at the point that Judge Connelly issued his order denying Petitioner's request, there is no indication that Petitioner desired to continue to press his request for replacement counsel. Nor does the Court find any specific circumstances warranting an obligation of trial counsel to appeal Judge Connelly's order. In fact, it was only after the jury rendered its verdict of guilty to Counts One and Nine of the Superseding Indicment did Petitioner particularize his dissastisfaction with trial counsel.

Subsequent to the jury verdict but prior to sentencing, Petitioner sent the Court a thirteen-page letter dated November 29, 2004 wherein Petitioner explained and detailed what he considered was the ineffective assistance of his trial counsel. In his letter, which included claims that he was denied equal protection and fundamental fairness, Petitioner asserted that his trial counsel reduced him to a status of being a mere spectator during jury selection, asserted that the Government, through Special Agent Tanya Bradford, fabricated the case against Petitioner and committed perjury on the witness stand, and asserted that in essence he was denied a fair trial

because the evidence was fabricated and legally insufficient to sustain the verdict.

On the date of the Sentencing Hearing, the Court was advised by trial counsel that Petitioner did not want trial counsel to represent Petitioner at the sentencing proceeding. See Government's Response to the Motion (Exhibit D); Transcript of December 10, 2004 Sentencing Hearing ("Sentencing Transcript") at 2. The Court then remarked, what has been a constant theme by both Judge Connelly and this Court, that it believed Petitioner had received solid representation. Sentencing Tr. at 4. However, recognizing at this point that the relationship between Petitioner and counsel had become strained, the Court asked Petitioner whether he wanted to engage new counsel to which Petitioner responded in the negative. Id. at 3. The Court then decided not to discharge counsel but rather to maintain trial counsel in an advisory capacity for the sentencing hearing.[1]

Petitioner has also claimed in his Memorandum In Support of his Motion that his trial counsel failed to file appropriate motions to address what Petitioner claims were exculpatory material that had been seized but destroyed by the Government agents and which, Petitioner argues, required dismissal of the charges. Petitioner, however, has failed to particularize what exculpatory evidence he claims should have been subject to a motion to dismiss. The Court will assume that Plaintiff is referring to phone messages from his cellular phone, which were left on the answering service but later deleted by the phone company. As to this evidence, the Court was

---

[1] Trial counsel not only served as an advisor to Petitioner at the Sentencing Hearing, but the Court also permitted trial counsel to actually argue various points on Petitioner's behalf in order to sharpen issues favorable to Petitioner. Indeed, counsel was successful in convincing the Court not to assess a two point upward adjustment/enhancement for obstruction of justice based on the Government's assertion that false and fraudulent testimony had been provided when Petitioner took the stand during the suppression hearing. See Sentencing Tr. at 14-19.

presented with this very issue as part of the Petitioner's Motion to Dismiss. The Court considered the testimony on this issue, particularly, the testimony of Special Agent Tanya Bradford of the DEA, who testified that when she was asked about recording certain phone messages, the messages by that time had been deleted, not by the Government, but rather by the phone company in the ordinary couse of business. The Court then concluded that there was no Brady violation.[2] Moreover, and contrary to Petitioner's bald allegation that had his counsel promptly downloaded these "exonerating" messages in Petitioner's cell phone he would not have been convicted, there was and is no evidence before the Court to indicate that these messages were exculpatory.

At any rate, the Court does not believe that Petitioner has presented a basis for this Court to conclude that trial counsel was derelict in his performance by not appealing the order of the Magistrate denying Petitioner replacement counsel. Nor has Petitioner sustained his burden of establishing any prejudice as a result of the failure to appeal the ruling by the Magistrate Judge.

**Secondly**, Petitioner argues that his trial counsel was ineffective in failing to object to the Trial Judge's alleged abuse of discretion in not recusing itself throughout the trial. Petitioner presented the substantive issue of the Court's failure to recuse itself in a Petition for Writ of Prohibition filed with the United States Court of Appeals for the Fourth Circuit  In a per curiam opinion decided on July 5, 2007, the Fourth Circuit opined that Petitioner had failed to demonstrate that he was entitled to the relief he sought. Similarly, this Court cannot conclude on this record that Petitioner has established that the trial court abused its discretion in not recusing

---

[2] Brady v. Maryland 373 U.S. 83 (1963) (holding that Due Process obligates the prosecution to disclose to the defense evidence in its possession both favorable and material to the defense).

5

itself from the entire trial. Nor can the Court conclude that trial counsel rendered ineffective assistance in failing to challenge the failure of the Court to recuse itself.

A little background is appropriate at this time. While reviewing several motions to suppress in connection with the criminal case against Petitioner, the Court discovered that as to the Title III wire intercepts, the Court had reviewed the application and had approved the order authorizing the wire intercepts. The Court then did what it thought was the prudent thing to do. It referred the motion to suppress the wire intercepts to one of its colleagues, Judge Deborah K. Chasanow, who on August 2, 2004 conducted a hearing on Petitioner's motion to suppress evidence seized from the wire intercepts. After hearing and considering the motion, Judge Chasanow denied the motion. See Government Response (Exhibit C); Transcript of motions hearing before Judge Deborah K. Chasanow. This Court was neither present nor took any part whatsoever in the hearing as to the Title III application, which was conducted exclusively by Judge Chasanow. This Court retained the remaining motions, including the motion to suppress the evidence seized pursuant to a search warrant on the Petitioner's apartment and car. Beyond reviewing an application for a Title III interception during the early stages of the investigation and prior to the arrest of Petitioner and others in this matter, the Court had no other contact, interest nor familiarity with this case.

Petitioner argues that the Court should have disqualified itself from the entire proceedings and that his trial counsel was ineffective in failing to have made the argument. The Court was never asked to recuse itself from the entire case, the record is bereft of anything questioning the impartiality of the Court, nor has Petitioner presented anything to demonstrate any bias, prejudice or other reasons for the Court to have recused itself from entirely presiding over the trial as the

assigned judge. As a consequence, the Court cannot find that trial counsel rendered ineffective performance in failing to request that the Court recuse itself from presiding over the entire trial. Petitioner's claim that the Court had a personal bias or prejudice against Petitioner is but a bald allegation and is devoid of support in the record.

**Lastly,** Petitioner complains that his appellate counsel also rendered ineffective assistance of counsel in not advancing on direct appeal trial counsel's alleged ineffective assistance of counsel. It may be helpful for the Court to make a few observations at this point. Preliminarily, it must be noted that appellate counsel properly advised Petitioner that claims of ineffective assistance of trial counsel are generally not properly raised and pursued on appeal but normally should be raised on collateral challenges under 28 U.S.C § 2255 which, in essence, is the gist of the present Motion before the Court. Next, the Court notes that while the appeal was pending, the Petitioner himself filed a number of motions in the United States Court of Appeals for the Fourth Circuit, including a motion for termination of appellate counsel, and a number of other <u>pro se</u> motions replete with letters and affidavits outlining his claim of ineffective assistance of his appellate counsel. In his response to the Petitioner's <u>pro se</u> motion before the Fourth Circuit to terminate him, appellate counsel in an August 25, 2005 letter to the Clerk of the Fourth Circuit indicated that appellate counsel had a good relationship with Petitioner up until counsel informed Petitioner that he would not file motions that Petitioner requested him to file (e.g., a motion requesting his release pending appeal), but on the contrary, would instead rely on appellate counsel's experience to present only the strongest issues on appeal. Appellate counsel also indicated that Petitioner continued to call him incessantly and excessively.

As previously indicated above, the Court has determined that Petitioner's appellate

counsel did not render constitutionally ineffective assistance in not appealing the order of the Magistrate Judge denying replacement counsel, and in not challenging the failure of the trial court to recuse itself. For similar reasons, the Court cannot conclude on this record that appellate counsel was constitutionally ineffective in not having raised these issues on appeal. In fact, the Court examined the Unpublished Opinion of the Fourth Circuit entered on April 28, 2006 and believes that appellate counsel narrowed the issues on appeal and presented four (4) cogent issues before the Fourth Circuit on behalf of Petitioner.

What is clear from the entire record is that Petitioner has filed a number of *pro se* motions on both the trial and appellate level even while being represented by counsel. Petitioner has found fault with his trial counsel, with his appellate counsel, and with this Court's decision not to recuse itself. Petitioner has also accused the witnesses of having perjured themselves and has accused the Government of having fabricated its case against Petitioner. The Court has no problem with any litigant raising whatever issues he feels he has to raise in order to get what he believes is his day in court. Petitioner appears to have worked hard to learn and familiarize himself with criminal law, criminal procedure and related issues of jurisprudence. In fact, the Court applauds Petitioner for the vigor, intensity and pervasiveness of his advocacy. But after a careful review of Petitioner's claims and arguments, the Court cannot conclude that his claims rise to a level warranting relief under § 2255.

In short, the Court has reviewed the entire record, including the criminal proceedings as well as the appellate record pertinent to the instant Motion, and concludes that Petitioner has not demonstrated any constitutional ineffectiveness under the Strickland test to warrant relief from the conviction and sentence. Petitioner simply makes bald allegations of ineffectiveness with no

convincing factual support. The Court believes that Petitioner's trial counsel and appellate counsel both presented strong issues on behalf of Petitioner and that both provided professional legal assistance to Petitioner who, as the overall record reflects, has been a most demanding, and at times difficult, client. The bottom line, though, is that there is no credible showing of any failures on the part of either counsel. The inescapable conclusion the Court reaches is that there is no evidence of a performance deficiency. Nor is there anything demonstrating prejudice sustained by Petitioner even if the Court could find deficiencies in performance. Accordingly, the Motion To Vacate, Set Aside, or Correct Sentence is DENIED. A separate order will issue.

8-31-07
Date

Alexander Williams, Jr.
United States District Judge