```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                      :
UNITED STATES OF AMERICA
                                      :
    v.                                :   Criminal No. DKC 04-0018-003
                                      :
CHARLES PYNE
                                      :
```

**MEMORANDUM OPINION AND ORDER**

On April 30, 2014, the court issued a Memorandum Opinion and Order denying Petitioner's motion for reconsideration, motion to supplement Rule 60(d)(3) motion, and motion to withdraw his prior motion for partial summary judgment. Pending before the court is Petitioner's motion for reconsideration of that portion of the order denying his Rule 60(d)(3) motion for fraud on the court, arguing that denial of this motion would "work manifest injustice." (ECF No. 222). Petitioner's motion will be denied because he has not established any ground for relief.

Petitioner argues that the law of the case doctrine demands that the court rule on his claim that the "District Judge and the Prosecutor Conspired to Procure the 2007 § 2255 Judgment by a Scheme of Fraud on the Court." (ECF No. 222). Petitioner further argues that the prosecutor's representation in a responsive brief that he had not sought to challenge the

magistrate judge's denial of his request for replacement counsel when, in fact, he had, represents a materially false statement. By a memorandum opinion and order entered March 27, 2014, the court addressed and rejected this issue. (ECF No. 215). It reasoned, in relevant part:

> Petitioner's arguments for fraud on the court are unavailing. His second argument – that the government knowingly lied about whether Petitioner had objected to the magistrate judge's August 2004 ruling – is not fraud on the court, but rather, at best, a Rule 60(b)(3) fraud between parties [argument], subject to Rule 60(c)(1)'s one-year time limit. Petitioner is well outside that limitations period.

First, this court must consider whether Petitioner's motion should be reviewed under Federal Rule of Civil Procedure 60(b) or 59(e). Petitioner's motion was filed within twenty-eight (28) days after the entry of the judgment. Accordingly, the proper standard for analysis is Rule 59(e).

A motion filed pursuant to Federal Rule of Civil Procedure 59(e) "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 411 (4th Cir. 2010). "Mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "A

motion to reconsider is not a license to argue the merits or present new evidence [that was not previously unavailable]." *RGI, Inc. v. Unified Industries, Inc.*, 963 F.2d 658, 662 (4th Cir. 1992). To the contrary, it is "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co.*, 148 F.3d at 403. Mere disagreement with the underlying decision will not result in relief under Rule 59(e). See *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." *Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002); *see Erskine v. Bd. of Educ.*, 207 F.Supp.2d 407, 408 (D.Md. 2002). Petitioner's Motion for Reconsideration represents mere disagreement with the court's analysis.

Accordingly, it is this 3rd day of July, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. Petitioner's motion for reconsideration (ECF No. 222) BE, and the same hereby IS, DENIED; and

2. The clerk is further directed to transmit copies of this Memorandum Opinion and Order directly to Defendant.

_____/s/_____<br>
DEBORAH K. CHASANOW<br>
United States District Judge