```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

|  |  |  |
|---|---|---|
| UNITED STATES | : |  |
|  | : |  |
| v. | : | Criminal No. DKC 04-18-3 |
|  | : |  |
| CHARLES PYNE | : |  |
|  | : |  |

**MEMORANDUM OPINION & ORDER**

Defendant Charles Pyne ("Defendant") was indicted on January 14, 2004. (ECF No. 1). Counsel was appointed, and trial was set for September 14. On August 12, Defendant moved to replace counsel. (ECF No. 44). An attorney inquiry hearing was held before a magistrate judge, Defendant's motion was denied, and counsel was instructed to file a motion to dismiss based on an asserted *Brady* violation. (ECF Nos. 45, 50). Counsel filed the motion to dismiss (ECF No. 55), and it was denied by the district judge after a hearing (ECF No. 66). Counsel represented Defendant through the seven-day trial, and the jury found Defendant guilty of conspiracy to distribute and possess with intent to distribute heroin and possession with intent to distribute heroin. (ECF No. 79). Defendant was sentenced to 144 months in prison and a term of five-years supervised release. (ECF No. 105).

On August 18, 2006, Defendant filed an initial motion pursuant to 28 U.S.C. § 2255 alleging that trial counsel was ineffective for failing to appeal the decision denying Defendant replacement counsel and for failing to object to the trial court's refusal to recuse itself and that appellate counsel was ineffective for not raising trial counsel's ineffectiveness on direct appeal. (ECF Nos. 125).[1] The motion was denied. (ECF No. 136).[2] The United States Court of Appeals for the Fourth Circuit denied Defendant's motion for a certificate of appealability and his request for rehearing en banc. (ECF Nos. 139, 149).[3]

On January 23, 2018, Defendant filed a motion to unseal the document contained at ECF No. 75. In the motion, Defendant quotes his trial counsel as having said at the hearing on the motion to dismiss the indictment:

> Your honor, I have an envelope . . . there are other reasons why I still would not have

---

[1] Defendant has filed at least two other motions to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 157, 239).

[2] Defendant has filed at least fifteen motions for reconsideration or relief from the judgment denying his initial motion to vacate. (ECF Nos. 157, 170, 179, 189, 190, 194, 203, 204, 214, 216, 219, 220, 222, 224, 243).

[3] Defendant has appealed the district court's rulings at least seven times. (ECF Nos. 135, 155, 162, 173, 197, 232, 246). Each of his appeals has been denied. He has moved for reconsideration pursuant to Fed.R.App.P. 41 at least five times (ECF Nos. 135, 149, 177, 237, 252). Each of these motions also has been denied.

> filed the motion to dismiss . . . . So I
> have put my reasoning in an envelope which
> I'm asking the Court to allow to be placed
> under seal in the court file to be opened
> only in the event of the filing of a
> petition under 28 U.S.C. § 2255.

(ECF No. 259 ¶ 3 (quoting transcript of Sept. 14, 2004 available at ECF No. 114)). Defendant "believes that ECF No. 75 contains the envelope" and that it would support a new motion to vacate his sentence based on "trial counsel's intentional sabotage." (*Id.* ¶¶ 4, 5).

A court can seal and unseal documents "based upon the court's inherent supervisory authority over its own files and records." *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "A court exercises this authority on a discretionary basis 'in light of the relevant facts and circumstances of the particular case.'" *United States v. Ring*, 47 F.Supp.3d 38, 40 (D.D.C. 2014) (quoting *Nixon*, 435 U.S. at 589).

Defendant cites no law or rule that supports unsealing the document. Defendant only cites to a previous opinion of this court allowing Defendant access to a transcript of the attorney inquiry hearing. In that instance, the court permitted Defendant's access because Defendant had been present at the proceeding. (ECF No. 254). Thus, Defendant knew its content,

3

and keeping the document sealed from Defendant served no purpose.

Here, the document was sealed from Defendant,[4] and Defendant has not provided any reason to unseal it. He believes it will support his claim of "intentional sabotage," but "intentional sabotage" is not a cognizable claim. Ineffective assistance of counsel is a cognizable claim, but Defendant has already filed multiple motions alleging ineffective assistance of counsel which have all been denied. Moreover, according to Defendant, ECF No. 75 concerns counsel's reasons for not wanting to file a motion to dismiss. Counsel, however, filed that motion, and it was denied. Because the motion was filed, Petitioner could not have been prejudiced by whatever counsel's reasons were for not *wanting* to file the motion to dismiss. Thus, the document cannot serve as a basis for an ineffective assistance of counsel claim. In sum, there is simply no reason to unseal ECF No. 75, and, therefore, the court will not exercise its discretion to unseal the document.

The motion would also be denied if Defendant moved to have the document unsealed under the First Amendment or a common law right of access. "For a right of access to a document to exist under either the First Amendment or the common law, the document

---

[4] It was apparently sealed by counsel when handed to the clerk and was not read by Judge Williams.

must be a judicial record . . . . documents filed with the court are 'judicial records' if they play a role in the adjudicative process or adjudicate substantive rights." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). The document Defendant requests played no role in the adjudicative process. It was not relied upon by the district court in deciding the motion to dismiss, and it has not been used in adjudicating Defendant's various habeas petitions and related motions. It is not a judicial record and not subject to either a common law presumption of access or a First Amendment right of access.

Accordingly, Defendant Charles Pyne's motion to unseal (ECF No. 259) BE, and the same hereby IS, DENIED.

/s/
DEBORAH K. CHASANOW
United States District Judge