IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | : |   |
|   | : |   |
| v. | : | Criminal No. DKC 04-0018-03 |
|   | : |   |
| CHARLES PYNE | : |   |
|   | : |   |

**MEMORANDUM OPINION**

Charles Pyne's most recent motion is "to void the August 31, 2007 Order denying 28 U.S.C. Section 2255 Relief for Lack of Subject Matter Jurisdiction, Pursuant to Fed.R.Civ.P. 60 (b)(4) as entrenched in Wendt v. Leonard, 431 F.3d 410 (4th Cir. 2005)." (ECF No. 262).

Mr. Pyne asserts that the trial judge lacked subject-matter jurisdiction because of "prior egregious jurisdictional errors" involving Magistrate Judge Connelly's Order dated August 16, 2004, which denied Mr. Pyne's motion to replace defense counsel.[1]  He cites *United States v. Hartwell*, 448 F.3d 707, 723 (4th Cir. 2005), noting that "Civil Rule 60(b)(4) allows a civil litigant to prevail on an argument that the district court lacks jurisdiction on a matter before the court because it lacked subject-matter over a

---

[1] The letter order denying replacement counsel is ECF No. 45 and is attached to Mr. Pyne's motion.  (ECF No. 262-2).  Judge Connelly recites that he was directed to rule on the motion by Judge Williams.

prior matter if the prior jurisdictional error was 'egregious.'" Further, he cites to *Wendt v. Leonard* 431 F.3d 410, (4th Cir. 2005), for the proposition that "when deciding whether an order is 'void' under Rule 60(b)(4) for lack of subject-matter jurisdiction, courts must look for the 'rare instance of a clear usurpation of power.'"

Petitioner claims that in denying his request for replacement counsel, Magistrate Judge Connelly exceeded the authority granted to federal magistrate judges in 28 U.S.C. § 636(b)(1)(A) and (B). By issuing the denial without final authority, Petitioner contends that Magistrate Judge Connelly "engaged himself in a rare usurpation of [Judge William's] power" that constitutes "egregious jurisdictional errors." (ECF No. 262, at 1, 4). Petitioner argues that "because of the[se] pretrial jurisdictional errors, the trial judge lacked subject matter jurisdiction over the 2006/2007 section 2255 proceedings" and accordingly, the court's order denying his § 2255 petition should be voided pursuant to Fed.R.Civ.P. 60(b)(4). (*Id.*, at 8).

Petitioner's argument falls apart at its initial premise. Magistrate Judge Connelly did not "usurp" his power. Rather, in denying Petitioner's request to substitute counsel, he performed his duties as authorized by 28 U.S.C. § 636(b) and Local Rule

2

301.6. Local Rule 301.6(i) expressly states that the powers and duties of a magistrate include the "Appointment of attorneys pursuant to 18 U.S.C. § 3006A and Fed.R.Crim.P. 44." Section 3006A(c) provides that: "The United States magistrate judge or the court *may*, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." As the language of the statute makes clear, the ability to be afforded substitute counsel is not absolute. It is a matter that rests firmly within the discretion of the magistrate judge. No matter how strongly Petitioner disagrees with Magistrate Judge Connelly's decision, there was no requirement that Magistrate Judge Connelly grant Petitioner's request nor escalate it to Judge Williams. Mr. Pyne confuses jurisdiction with discretion. The current motion merely reiterates his disagreement with previous rulings of this court and of the United States Court of Appeals for the Fourth Circuit.

Further, Petitioner misunderstands § 636(b). Section 636(b) provides that:

> (1) Notwithstanding any provision of law to the contrary—
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on

> the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(A)-(B). Section 636(b)(1)(A) merely provides that a judge *may* reconsider any pretrial matter where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Magistrate Judge Connelly's order was neither clearly erroneous nor contrary to law and Judge Williams was not obligated to review it.[2] Likewise, nothing in

---

[2] Magistrate Judge Connelly clearly articulated the reasons for denying Petitioner's motion in his order: "The reason for requesting new counsel is the defendant 'is dissatisfied that the motions which were timey filed on his behalf by current counsel were filed on the last day before the deadline . . . and that the

4

this provision required Magistrate Judge Connelly to hold an in-person hearing before issuing his order as Petitioner claims. Section 636(b)(1)(B) permits judges to designate magistrate judges to conduct hearings and submit proposed findings of facts and recommendations, for disposition by the judge, *of the motions excepted in subparagraph (A)*. Contrary to Petitioner's belief, this provision did not require Magistrate Judge Connelly to "submit his findings and recommendation to the trial judge for a final decision on Petitioner's request for replacement counsel." (ECF No. 262, at 6). In summary, Magistrate Judge Connelly's denial of Petitioner's motion violates neither § 636(b)(1)(A) nor (B).

Unfortunately, with his latest motion, Mr. Pyne only "continue[s] to abuse the judicial process by filing repetitive and specious claims." *Pyne v. United States*, No. CR DKC-04-0018, 2016 WL 1377402, at *5 (D.Md. Apr. 7, 2016). Once again, "Pyne's arguments merely [serve to] reiterate his disagreement with

---

defendant was dissatisfied by the performance of counsel at the motions hearing presumably because the motions were not granted' . . . . The defendant Pyne suffered no prejudice as to the date on which the motions were filed. As to the quality of the representation, the motions are well drafted and cite appropriate legal authority. The fact that a defense motion in a federal criminal case is not granted is not grounds to substitute appointed counsel." (ECF No. 262-2, at 1). It should also be noted that Petitioner's request for replacement counsel was made less than three weeks before trial was set to begin.

5

previous rulings of this court and the United States Court of Appeals for the Fourth circuit[.]" (*Id.*).

Under Rule 60 (b)(4), for relief from a judgment that is void, the applicant must show that there "'is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.'" *United States v. Welsh*, 879 F.3d, 530, 534 (4th Cir. 2018)(quoting *Wendt*, 431 F.3d at 413.  The rule is construed narrowly and "[a]n order is void . . . only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt*, 431 F.3d at 412.  Mr. Pyne has not even come close to establishing the grounds for relief.  The judgment denying § 2255 relief is not void and the motion will be denied.


                                                      /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge